**F I L E D**
CLERK, U.S. DISTRICT COURT

**05/24/2023**

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DVE _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

March 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 8:23-cr-00069-FMO |
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 912: False Impersonation of Federal Officer and Employee; 18 U.S.C. § 1341: Mail Fraud; 18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 506(a)(2): Use, Affixation, and Impression of Fraudulent Seals of Departments and Agencies of the United States; 18 U.S.C. § 506(a)(3): Possession of Fraudulent Seals of Departments and Agencies of the United States; 18 U.S.C. § 1017: Wrongful Use and Transfer of Documents Bearing Fraudulent Government Seals; 18 U.S.C. § 1544: Misuse of Passport; 18 U.S.C. § 1028A(a)(1): Aggravated Identity Theft; 18 U.S.C. § 982, 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), 18 U.S.C. § 492: Criminal Forfeiture] |
| DAVYD GEORGE BRAND JIMENEZ, | |
| Defendant. | |

The Grand Jury charges:

COUNTS ONE THROUGH FIVE

[18 U.S.C. § 912]

1.   On or about the dates set forth below, in Orange County, within the Central District of California, and elsewhere, defendant DAVYD GEORGE BRAND JIMENEZ falsely assumed and pretended to be an officer and employee acting under the authority of the United States and a department and agency thereof, namely, a federal agent with the United States Department of Homeland Security ("DHS"), United States Immigration and Customs Enforcement ("ICE"), Homeland Security Investigations ("HSI"), knowing that he was not in fact an officer or employee of DHS, ICE, or HSI, or of the United States, and in such pretended character, demanded and obtained a thing of value from customer victims, namely, the items identified below from the customer victims identified below:

| COUNT | DATE | VICTIMS | THING OF VALUE |
|-------|------|---------|----------------|
| ONE | 04/29/2019 | M.M.D. | $13,000 |
| TWO | 10/30/2020 | A.d.l.S. and A.P.d.l.S. | $10,000 |
| THREE | 11/05/2020 | N.M.J. and J.T.A. | $12,000 |
| FOUR | 11/05/2020 | K.Y.G. | $10,000 |
| FIVE | 11/11/2020 | N.V.I. | $15,000 |

1                    COUNTS SIX THROUGH TEN

2                      [18 U.S.C. § 912]

3        2.   On or about the dates set forth below, in Orange County,

4   within the Central District of California, and elsewhere, defendant

5   DAVYD GEORGE BRAND JIMENEZ falsely assumed and pretended to be an

6   officer and employee acting under the authority of the United States

7   and a department and agency thereof, namely, a federal agent with the

8   United States Department of Homeland Security ("DHS"), United States

9   Immigration and Customs Enforcement ("ICE"), Homeland Security

10  Investigations ("HSI"), knowing that he was not in fact an officer or

11  employee of DHS, ICE, or HSI, or of the United States, and acted as

12  such by taking the following actions, among others:

| COUNT | DATE | VICTIMS | ACTIONS |
|---|---|---|---|
| SIX | 04/29/2019 to 12/09/2019 | M.M.D. | (a) Stating that he was an ICE officer; (b) Text messaging a photograph of a fake ICE badge; and (c) Purporting to report to M.M.D. on the status of an application for a stay of deportation |
| SEVEN | 10/30/2020 | A.d.l.S. and A.P.d.l.S. | (a) Stating that he was an ICE agent; (b) Displaying a fake ICE badge; and (c) Claiming that he could help A.d.l.S. establish United States residency |
| EIGHT | 11/05/2020 | N.M.J. and J.T.A. | (a) Stating that he was a "Homeland Security" official; (b) Stating that he worked at the United States Immigration office in Laguna Niguel, California; (c) Displaying a fake ICE badge; and (d) Claiming that he could help N.M.J. and J.T.A. obtain work permits and U.S. citizenship |

3

| COUNT | DATE | VICTIMS | ACTIONS |
|---|---|---|---|
| NINE | 11/05/2020 to 05/21/2022 | K.Y.G. | (a) Stating that he was an ICE agent; (b) Displaying a fake ICE badge; and (c) Purporting to report to K.Y.G. on the status of applications for immigration benefits |
| TEN | 11/11/2020 | N.V.I. | (a) Stating that he was a "G-18" federal official; (b) Displaying a fake ICE badge; and (c) Claiming that he could help N.V.I. establish U.S. residency and obtain a "green card" |

1              COUNTS ELEVEN AND TWELVE

2               [18 U.S.C. §§ 1341, 2(b)]

3  A.   THE SCHEME TO DEFRAUD

4      3.   Beginning no later than in or around April 2019, and

5  continuing to at least April 2023, in Orange County, within the

6  Central District of California, and elsewhere, defendant DAVYD GEORGE

7  BRAND JIMENEZ, knowingly and with the intent to defraud, devised,

8  participated in, and executed a scheme to defraud individuals who

9  sought to obtain authorization to remain in the United States and to

10 establish United States citizenship as to material matters, and to

11 obtain money and property from those individuals, by means of

12 material false and fraudulent pretenses, representations, and

13 promises, and through the concealment of material facts.

14     4.   The fraudulent scheme operated, in substance, in the

15 following manner:

16          a.   Defendant BRAND JIMENEZ would target members of the

17 Hispanic community in his fraudulent scheme, perpetrating what is

18 commonly referred to as an "affinity fraud."

19          b.   Defendant BRAND JIMENEZ would solicit payment from

20 customer victims who sought to establish United States legal

21 residency or United States citizenship because they were present

22 illegally in the United States.

23          c.   Defendant BRAND JIMENEZ would tell customer victims

24 that he could help them obtain work permits, legal United States

25 residency, and U.S. citizenship.

26          d.   Defendant BRAND JIMENEZ would generally charge between

27 $10,000 and $20,000 per customer victim.

28          e.   Defendant BRAND JIMENEZ would meet with customer

victims in Orange County, California, including at a park in Santa
Ana, California.

        f.   Defendant BRAND JIMENEZ would falsely claim to be a
federal agent with the United States Department of Homeland Security
("DHS"), United States Immigration and Customs Enforcement ("ICE").

        g.   Defendant BRAND JIMENEZ would display a fake ICE badge
to potential and existing customer victims to trick those customer
victims into believing that he was a federal ICE agent.

        h.   Defendant BRAND JIMENEZ would sometimes display a
firearm to potential and existing customer victims.

        i.   Defendant BRAND JIMENEZ would sometimes tell customer
victims that he was a "G-18" federal official, a reference to the
General Schedule, or "GS", federal pay scale, but which is a non-
existent position.

        j.   When meeting with customer victims in November 2020 at
a park in Santa Ana, California, defendant BRAND JIMENEZ told the
customer victims that the Santa Ana Police Department marked patrol
vehicles driving by the park during their meeting were present to
protect him because he was a very important person.

        k.   Defendant BRAND JIMENEZ would sometimes falsely claim
to have previously worked for the DEA and had assisted in arresting
terrorists.

        l.   Defendant BRAND JIMENEZ would sometimes falsely claim
to be an attorney.

        m.   Defendant BRAND JIMENEZ would falsely claim to be
doing work with or at United States consulates.

        n.   By claiming that he would be assisting the customer
victims with their immigration paperwork as well as making all the

above false statements about working for ICE, being an attorney, or otherwise working as a federal law enforcement agent, defendant BRAND JIMENEZ would create a trusting relationship between him and the customer victims, which induced the customer victims to relax the care and vigilance ordinarily exercised with immigration matters.

o.   Defendant BRAND JIMENEZ would not tell potential and existing customer victims that in 2013, he had pleaded guilty to a federal criminal felony involving illegally possessing two FBI badges, two U.S. Border Patrol badges, and DHS identification cards with his photograph, for which he was sentenced to a total of 18 months in federal prison.

p.   Defendant BRAND JIMENEZ would not tell potential and existing customer victims that his ICE badge was fake.

q.   Defendant BRAND JIMENEZ would not tell potential and existing customer victims that he was participating in a conspiracy to distribute more than 15 kilograms of illegal narcotics in San Diego, California, for which he had been arrested in May 2021.

r.   Defendant BRAND JIMENEZ would communicate with customer victims using an encrypted messaging program.

s.   Defendant BRAND JIMENEZ would fabricate immigration printouts.  To give the appearance that the immigration printouts were legitimate, defendant BRAND JIMENEZ would fraudulently affix a watermark bearing the DHS seal.

t.   Defendant BRAND JIMENEZ would then provide these fabricated immigration printouts to customer victims as purported proof that the customer victims' immigration applications were progressing.

u.   Defendant BRAND JIMENEZ would fabricate a stay of

deportation by fraudulently checking off "GRANTED" on the application and entering the name M.D. as the purported ICE official who approved the stay, which defendant BRAND JIMENEZ then provided to a customer victim.

v.   Defendant BRAND JIMENEZ would instruct customer victims to mail their identification documents to him at a mailbox location in San Ysidro, California.

w.   Defendant BRAND JIMENEZ would instruct customer victims to send or deposit payments into his Bank of America ("BofA") account ending in 6925, which defendant BRAND JIMENEZ had opened in the name of Immigration Consultants, LLC.

x.   In August 2021, in exchange for payment, defendant BRAND JIMENEZ provided a Social Security Card, a United States passport card, and a California Identification Card in the name of M.R.G. to a customer victim, so that the customer victim could unlawfully pose in that identity and use those identification documents as proof of authorization to work and legally reside in the United States.

y.   Defendant BRAND JIMENEZ would fail to file immigration applications on behalf of customer victims.

z.   Defendant BRAND JIMENEZ would provide many excuses to the customer victims to explain the delay in obtaining immigration benefits, including blaming former President Trump and the COVID pandemic.

aa.   Defendant BRAND JIMENEZ would continue to contact customer victims through May 2023, including conducting zoom calls with current and potential customer victims in September 2022.

bb.   During the course of his fraudulent scheme, defendant

BRAND JIMENEZ tricked and defrauded at least 25 vulnerable Hispanic customer victims into paying him a total of more than $200,000, even though those customer victims were of modest means.

B.   THE USE OF MAILS

5.   On or about the dates set forth below, in Orange County, within the Central District of California, and elsewhere, for the purpose of executing the above-described scheme to defraud, defendant BRAND JIMENEZ willfully caused the following items to be placed in an authorized depository for mail matter to be sent and delivered by the United States Postal Service, or to be deposited to be sent and delivered by a private or commercial interstate carrier according to the directions thereon:

| COUNT | DATE | MAILING |
|---|---|---|
| ELEVEN | 11/21/2020 | Package of identification documents sent from customer victim N.V.I. via FedEx in Huntington Beach, California, to defendant BRAND JIMENEZ in San Ysidro, California |
| TWELVE | 04/27/2021 | United States Postal Service Priority Mail Express envelope no. EJ457760101US mailed from defendant BRAND JIMENEZ in San Ysidro, California, to customer victim M.M.D. in Orange, California |

1                    COUNTS THIRTEEN AND FOURTEEN

2                      [18 U.S.C. § 1343]

3  A.   THE SCHEME TO DEFRAUD

4       6.   Section A of Counts Eleven and Twelve of this Indictment is

5  realleged and incorporated here.

6  B.   THE USE OF INTERSTATE WIRES

7       7.   On or about the dates set forth below, in Riverside and San

8  Bernardino Counties, within the Central District of California, and

9  elsewhere, for the purpose of executing the above-described scheme to

10 defraud, defendant BRAND JIMENEZ and others known and unknown to the

11 Grand Jury, each aiding and abetting each other, transmitted and

12 caused the transmission of the following items by means of wire

13 communication in interstate and foreign commerce:

| COUNT | DATE | INTERSTATE WIRE TRANSMISSION |
|---|---|---|
| THIRTEEN | 12/09/2020 | Deposit information to BofA server in Richardson, Texas, after customer victims N.M.J. and J.T.A. deposited a $12,970 check into defendant BRAND JIMENEZ's BofA business account ending in 6925 at a BofA branch in Riverside, California |
| FOURTEEN | 12/15/2020 | Deposit information to BofA server in Richardson, Texas, after customer victims M.E. and A.E. deposited a $8,670 check into defendant BRAND JIMENEZ's BofA business account ending in 6925 at a BofA branch in Rancho Cucamonga, California |

10

COUNT FIFTEEN

[18 U.S.C. § 506(a)(3)]

8.    From on or about December 1, 2020, to on or about May 18, 2021, in Orange, Los Angeles, and Riverside Counties, within the Central District of California, and elsewhere, defendant DAVYD GEORGE BRAND JIMENEZ, with fraudulent intent, possessed a counterfeit, forged, and fraudulently made seal of a department and agency of the United States and facsimile thereof, namely, the seal of the United States Department of Homeland Security, knowing that the DHS seal was counterfeited, forged, and fraudulently made.

COUNT SIXTEEN

[18 U.S.C. § 506(a)(2)]

9.    On or about December 1, 2020, in Riverside County, within the Central District of California, and elsewhere, defendant DAVYD GEORGE BRAND JIMENEZ knowingly used, affixed, and impressed a forged, counterfeited, mutilated, and altered seal of a department and agency of the United States and facsimile thereof, namely, the seal of the United States Department of Homeland Security, upon a certificate, instrument, commission, document, or paper containing the name of A.d.l.S.

COUNT SEVENTEEN

[18 U.S.C. § 506(a)(2)]

10.  On or about December 1, 2020, in Riverside County, within the Central District of California, and elsewhere, defendant DAVYD GEORGE BRAND JIMENEZ knowingly used, affixed, and impressed a forged, counterfeited, mutilated, and altered seal of a department and agency of the United States and facsimile thereof, namely, the seal of the United States Department of Homeland Security, upon a certificate, instrument, commission, document, or paper containing the name of N.M.J.

COUNT EIGHTEEN

[18 U.S.C. § 506(a)(2)]

11.  On or about December 1, 2020, in Riverside County, within the Central District of California, and elsewhere, defendant DAVYD GEORGE BRAND JIMENEZ knowingly used, affixed, and impressed a forged, counterfeited, mutilated, and altered seal of a department and agency of the United States and facsimile thereof, namely, the seal of the United States Department of Homeland Security, upon a certificate, instrument, commission, document, or paper containing the maiden name of K.Y.G.

COUNT NINETEEN

[18 U.S.C. § 1017]

12.  On or about December 1, 2020, in Riverside County, within the Central District of California, and elsewhere, defendant DAVYD GEORGE BRAND JIMENEZ fraudulently and wrongfully used and transferred to A.d.l.S. a certificate, instrument, commission, document, and paper, to which and upon which the seal of a department and agency of the United States, namely, the United States Department of Homeland Security, had been fraudulently affixed and impressed, with knowledge of its fraudulent character.

COUNT TWENTY

[18 U.S.C. § 1017]

13.  On or about December 1, 2020, in Riverside County, within the Central District of California, and elsewhere, defendant DAVYD GEORGE BRAND JIMENEZ fraudulently and wrongfully used and transferred to N.M.J. a certificate, instrument, commission, document, and paper, to which and upon which the seal of a department and agency of the United States, namely, the United States Department of Homeland Security, had been fraudulently affixed and impressed, with knowledge of its fraudulent character.

COUNT TWENTY-ONE

[18 U.S.C. § 1017]

14.  On or about December 1, 2020, in Los Angeles County, within the Central District of California, and elsewhere, defendant DAVYD GEORGE BRAND JIMENEZ fraudulently and wrongfully used and transferred to K.Y.G. a certificate, instrument, commission, document, and paper, to which and upon which the seal of a department and agency of the United States, namely, the United States Department of Homeland Security, had been fraudulently affixed and impressed, with knowledge of its fraudulent character.

COUNT TWENTY-TWO

[18 U.S.C. § 1544]

15.  On or about August 7, 2021, in Los Angeles County, within the Central District of California, and elsewhere, defendant DAVYD GEORGE BRAND JIMENEZ willfully and knowingly furnished, disposed of, and delivered a passport issued and designed for the use of a person other than the person for whose use it was originally issued and designed, namely, the United States passport card in the name of M.R.G. with number Cxxxx4490.

COUNTS TWENTY-THREE THROUGH TWENTY-FIVE

[18 U.S.C. § 1028A(a)(1)]

16.  On or about the dates below, in Orange, Riverside, and Los Angeles Counties, within the Central District of California, and elsewhere, defendant DAVYD GEORGE BRAND JIMENEZ knowingly transferred, possessed, and used, without lawful authority, means of identification that defendant BRAND JIMENEZ knew belonged to other persons, namely, the means of identification of the victims listed below, during and in relation to the offenses of Mail Fraud, Wire Fraud, and Misuse of Passport, felony violations of Title 18, United States Code, Sections 1341, 1343, 1544, respectively, as listed here:

| COUNT | DATE | IDENTITY | MEANS OF IDENTIFICATION | PREDICATE OFFENSE |
|---|---|---|---|---|
| TWENTY-THREE | 02/24/2020 | M.M.D. | Name and Mexican passport number | COUNT TWELVE |
| TWENTY-FOUR | 12/01/2020 | N.M.J. & J.T.A. | Names and dates of birth | COUNT THIRTEEN |
| TWENTY-FIVE | 08/07/2021 | M.R.G. | Name, date of birth, U.S. passport card number | COUNT TWENTY-TWO |

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 982]

1.    Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 982(a)(2), in the event of the defendant's conviction of the offenses set forth in any of Counts Eleven, Twelve, and Twenty-Three through Twenty-Five of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

       (a) All right, title and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense; and

       (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), the defendant, if so convicted, shall forfeit substitute property, up to the total value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1.     Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in either of Counts Thirteen, Fourteen, Twenty-Two, or Twenty-Three through Twenty-Five of this Indictment.

2.     The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

(b)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.     Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION THREE

[18 U.S.C. § 492 and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 492 and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of any of the offenses set forth in Counts Fifteen through Eighteen of this Indictment.

2.    The defendant, if so convicted, shall forfeit to the United States of America the following:

(a)  All right, title, and interest in any and all counterfeits, articles, devices, and other things made, possessed, or used in any such offense, or any material or apparatus used or fitted or intended to be used in the making of such counterfeits, articles, devices, or things; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a)

22

cannot be located upon the exercise of due diligence; (b) has been
transferred, sold to, or deposited with a third party; (c) has been
placed beyond the jurisdiction of the court; (d) has been
substantially diminished in value; or (e) has been commingled with
other property that cannot be divided without difficulty.

                              A TRUE BILL


                              /s/
                              Foreperson

E. MARTIN ESTRADA
United States Attorney


MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

BRADLEY E. MARRETT
Assistant United States Attorney
Deputy Chief, Santa Ana Branch
Office

CHARLES E. PELL
Assistant United States Attorney
Santa Ana Branch Office